# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CAROLYN BLACKMON,

    Plaintiff,

v.

NEW ALBERTSON'S, INC.,

    Defendant.

Case No. 2:10-CV-712-KJD-GWF

**ORDER**

    Presently before the Court is Defendant's Motion for Summary Judgment (#28). Plaintiff filed a response in opposition (#29) to which Defendant replied (#30).

I. Facts

    On or about September 19, 2008, Plaintiff was at an Albertson's grocery store located at 2650 West Horizon Ridge Parkway in Henderson, Nevada. While inside the store, Plaintiff tripped over a metal plate that covered electrical wiring that ran under the floor. The metal plate attached to the floor by screws that helped hold it flush with the tile floor. Screws were missing from the plate causing it to not be flush with the floor.

    Plaintiff alleges injuries to her neck, right shoulder and left knee. Plaintiff's treating physicians testified at depositions as follows: (1) John Baldauf, M.D., tesified that to a reasonable degree of medical probability, Plaintiff's right shoulder injury was and is not related to the fall

alleged in her complaint, and that any referrals for physical therapy or other treatment would not be related to the fall; (2) Troy Watson, M.D., testified to a reasonable degree of medical probability that he could not relate the treatment of Plaintiff's left knee to the incident alleged in Plaintiff's complaint; and (3) Godwin Maduka, M.D., testified that Plaintiff received essentially the same type of treatment to her neck after the incident alleged in her complaint as she did prior to the incident, due to a chronic condition, and that he did not know whether the incident changed or could have changed her treatment and that Plaintiff was a candidate for surgery prior to her fall at Albertson's.

## II.  Standard for Summary Judgment

Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. See Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The moving party bears the initial burden of showing the absence of a genuine issue of material fact.  See Celotex, 477 U.S. at 323.  The burden then shifts to the nonmoving party to set forth specific facts demonstrating a genuine factual issue for trial.  See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(e).

All justifiable inferences must be viewed in the light must favorable to the nonmoving party. See Matsushita, 475 U.S. at 587.  However, the nonmoving party may not rest upon the mere allegations or denials of his or her pleadings, but he or she must produce specific facts, by affidavit or other evidentiary materials as provided by Rule 56(e), showing there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  The court need only resolve factual issues of controversy in favor of the non-moving party where the facts specifically averred by that party contradict facts specifically averred by the movant.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Anheuser-Busch, Inc. v. Natural Beverage Distribs., 69 F.3d 337, 345 (9th Cir. 1995) (stating that conclusory or speculative testimony is insufficient to raise a genuine issue of fact to defeat summary judgment).  Evidence must be concrete and cannot rely on "mere

speculation, conjecture, or fantasy. O.S.C. Corp. v. Apple Computer, Inc., 792 F.2d 1464, 1467 (9th Cir. 1986). "[U]ncorroborated and self-serving testimony," without more, will not create a "genuine issue" of material fact precluding summary judgment. Villiarimo v. Aloha Island Air Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).

Summary judgment shall be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment shall not be granted if a reasonable jury could return a verdict for the nonmoving party. See Anderson, 477 U.S. at 248.

## III. Analysis

A plaintiff alleging negligence must demonstrate: (1) the existence of a duty of care; (2) breach of that duty; (3) legal causation; and (4) damages. See Sparks v. Alpha Tau Omega Fraternity, Inc., 255 P.3d 238, 244 (Nev. 2011). Defendant argues that the Court must grant summary judgment, because Plaintiff cannot adduce evidence that raises a question of fact about whether Defendant breached its duty of care, whether the fall caused Plaintiff's alleged injuries and whether Plaintiff suffered any damage resulting from the breach of Defendant's duty.

The Court agrees with Plaintiff that she has raised genuine issues of fact regarding whether Defendant breached its duty that would require resolution by a fact finder. However, the Court agrees that Defendant has not adduced evidence that demonstrates she was injured by the fall and suffered damages. Each of her treating physicians testified that her injuries were not related to the fall, or a similar condition existed before the fall and treatment that occurred after the fall could not be related to the fall. Other than her own assertions that she was injured in the fall, Plaintiff has directed the Court to no evidence that even raises a question of fact.

"When . . . the cause of injuries is not immediately apparent, the opinion as to the cause should be given by one qualified as a medical expert." Lord v. State, 107 Nev. 28, 33 (Nev. 1991); Grover C. Dils Med. Ctr. v. Menditto, 112 P.3d 1093, 1100 (Nev. 2005)("generally, because an injury is a subjective condition, an expert opinion is required to establish a causal connection

3

between the incident and the injury"). "It is well-settled law that in a personal injury action causation must be proven within a reasonable medical probability based upon competent medical testimony. Mere possibility alone is insufficient." Layton v. Yankee Caithness Joint Venture, 774 F. Supp. 576, 579-80 (D. Nev. 1991)(citing Jones v. Ortho Pharm. Corp., 163 Cal. App. 3d 396 (Cal. Ct. App. 1985)). Here, Plaintiff has failed in her to duty to produce specific, concrete facts that are more than speculation or conjecture. Therefore, since Plaintiff has failed to raise questions of fact on the issues of causation and damages that require resolution by a finder of fact, the Court grants Defendant's motion for summary judgment.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment (#28) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendant and against Plaintiff.

DATED this 17th day of October 2011.

_____
Kent J. Dawson
United States District Judge