# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CAROLYN BLACKMON,

    Plaintiff,

v.

NEW ALBERTSON'S INC., *et al*.,

    Defendants.

Case No. 2:10-CV-00712-KJD-PAL

**ORDER**

        Presently before the Court is Plaintiff's Motion for Relief from Judgment (#43). Defendant New Albertsons, Inc. filed a response in opposition (#44).

I.  Procedural History and Background

        On October 17, 2011, the Court granted (#41) Defendant's Motion for Summary Judgment. The Court found that even construing the facts in a light most favorable to Plaintiff no question of material fact prevented the Court from granting judgment to Defendants. At deposition, each of Plaintiff's treating physicians testified as follows:  (1) John Baldauf, M.D., testified that to a reasonable degree of medical probability, Plaintiff's right shoulder injury was and is not related to the fall alleged in her complaint, and that any referrals for physical therapy or other treatment would not be related to the fall; (2) Troy Watson, M.D., testified to a reasonable degree of medical probability that he could not relate the treatment of Plaintiff's left knee to the incident alleged in Plaintiff's complaint; and (3) Godwin Maduka, M.D., testified that Plaintiff received essentially the same type of treatment to her neck after the incident alleged in her complaint as she did prior to the

incident, due to a chronic condition, and that he did not know whether the incident changed or could have changed her treatment and that Plaintiff was a candidate for surgery prior to her fall at Albertson's.

Judgment (#42) was entered against Plaintiff on October 18, 2011. Twenty-four (24) days later on November 11, 2011, Plaintiff filed the present motion for reconsideration. Moving for reconsideration under Federal Rule of Civil Procedure ("Rule") 60, Plaintiff asserts that: (1) the Court did not construe the evidence in favor of the non-movant, Plaintiff, and improperly weighed the evidence; and (2) that another doctor, Dr. Forage, had opined that 20% of her need for surgery may be due to the fall, but Plaintiff had not provided that testimony to the Court in opposition to the motion for summary judgment.

II.  Standard for Reconsideration

A motion to reconsider a final appealable order is appropriately brought under either Rule 59(e) or Rule 60 (b) of the Federal Rules of Civil Procedure. See United States v. Martin, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000). Motions for reconsideration are committed to the discretion of the trial court. See School Dist. No. 1J. Mutlinomah County v. ACandS, Inc., 5 F.3d 1255, 1262 (9th Cir. 1993). Where reconsideration of a non-final order is sought, the court has inherent jurisdiction to modify, alter or revoke it. See United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000); Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1032 (N.D. Cal. 1994) ("District courts are authorized to reconsider interlocutory orders at any time prior to final judgment.").

A Rule 59(e) motion must be filed no later than twenty-eight (28) days following entry of the final judgment. See Fed. R. Civ. P. 59(e). A motion for reconsideration is treated as a Rule 59(e) motion if it is timely filed within the specified twenty-eight-day period. See Am. Ironworkers & Erectors Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 899 (9th Cir. 2001).[1] Otherwise, the motion is treated as a Rule 60(b) motion for relief from judgment or order. See id.

---

[1] In 2009, Rule 59 (e) was amended to change the time for filing a Rule 59 (e) motion from ten to twenty-eight days.

2

Reconsideration under Rule 59(e) is appropriate where: (1) the district court is presented with newly discovered evidence or committed clear error; (2) the initial decision was manifestly unjust; or (3) there is an intervening change in controlling law. See School Dist. No. 1J., 5 F.3d at 1263. Motions made under Rule 59(e) "should not be granted absent highly unusual circumstances." 389 Orange St. Partners, 179 F.3d at 665.

Pursuant to Rule 60(b), reconsideration is appropriate only upon a showing of: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) an adverse party's fraud, misrepresentation, or other misconduct; (4) a void judgment; (5) a satisfied, released or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. See Fed. R. Civ. P. 60(b). A party can obtain relief under Rule 60(b) only upon an adequate showing of exceptional or extraordinary circumstances. See Maraziti v. Thorpe, 52 F.3d 252, 254 (9th Cir. 1995). A Rule 60(b) motion must be filed within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered. See Fed. R. Civ. P. 60(b). Errors of law are cognizable under Rule 60(b)(1). See Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 350 (9th Cir. 1999). Also, Rule 60(b) allows a district court judge to vacate a judgment on its own motion if after "mature judgment and re-reading the record he [is] apprehensive that he had made a mistake." Id. at 352. However, due process requires the court to give notice and an opportunity to be heard before vacating a judgment on its own motion. See id.

A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented. See Maraziti, 52 F.3d at 255; Beentjes v. Placer County Air Pollution Control District, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003); Khan v. Fasano, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment."). "As a general rule, the Court does not consider evidence on a motion for reconsideration if the evidence could have been provided before the decision was rendered initially." Arizona Civil Liberties Union v. Dunham, 112 F. Supp. 2d 927, 935 (D. Ariz. 2000) (citing School

Dist. No. 1J., 5 F.3d at 1263).  In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier.  See Glavor, 879 F. Supp. at 1033.  If a party simply inadvertently failed to raise the arguments earlier, the arguments are deemed waived.  See id. It is not an abuse of discretion for a district court to decline to address an issue raised for the first time in a motion for reconsideration.  See 389 Orange Street Partners, 178 F.3d at 665.

In order to meet the "newly discovered evidence" requirement within the meaning of Rules 60(b)(2) and 59, parties must show the evidence: "(1) is truly-newly discovered; (2) could not have been discovered through due diligence; and (3) is of such a material and controlling nature that it demands a probable change in the outcome."  United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1130 n.45 (E.D. Cal. 2001); see also Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211 (9th Cir. 1987).  Failure to file documents in an original motion or opposition does not turn the late-filed documents into newly discovered evidence.  See School Dist. No. 1J., 5 F.3d at 1263.  Under both Rules 59 and 60, if the evidence was in the possession of the party before the judgment was rendered it is not newly discovered.  See Coastal Transfer, 833 F.2d at 212. Moreover, fact of possession makes clear the party did not use due diligence to discover it.  Id.

### III.  Analysis

Plaintiff moved for reconsideration under Rule 60 (b)(1,6).  Plaintiff does not specify what specific mistake, inadvertence, surprise or excusable neglect justifies setting aside the prior order and judgment.  Essentially, Plaintiff asserts that the Court erred by failing to construe the evidence in a light most favorable to the non-movant, Plaintiff.  However, the Court did construe the available evidence in a light most favorable to Plaintiff, but found that it was not enough to raise genuine issues of material fact preventing summary judgment.  Nevada law requires an expert opinion to establish a causal connection between the incident and the injury.  Grover C. Dils Med. Ctr. v. Menditto, 112 P.3d 1093, 1100 (Nev. 2005).  Further, that expert opinion must conform to the reasonable degree of medical probability standard.  See Moriscato v. Sav-On Drug Stores, Inc., 121 Nev. 153, 158 (Nev. 2005).  Plaintiff failed to provide this standard of proof.

Now, Plaintiff tries to supplement the record by adding the testimony of another doctor that she failed to cite in opposition to the motion for summary judgment. However, even if the Court construes the untimely evidence in a light most favorable to Plaintiff, it does not aid her claim. Dr. Forage did not appear to testify as to a reasonable degree of medical probability. Instead, Dr. Forage testified " . . . some of her condition may have been caused by the exacerbation [of a pre-existing condition] by the fall." Thus, the Court denies Plaintiff's motion for reconsideration because the evidence was available to Plaintiff but she failed to show good cause for her failure to file it with her opposition to the motion for summary. Additionally, even if the Court considered the Dr. Forage's statement, it did not meet the standard required under Nevada law.

Finally, even if Plaintiff had moved for reconsideration under Rule 59(e), the Court would deny the motion because Plaintiff neither presented newly discovered evidence nor showed that the Court committed clear error.

IV.  Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Judgment (#43) is **DENIED**.

DATED this 21ST day of August 2012.

_____
Kent J. Dawson
United States District Judge